Robert V. Closson, Esq. (SBN 125646)
bclosson@hirschclosson.com
Jodi E. Lambert, Esq. (SBN 166634)
jlambert@hirschclosson.com
HIRSCH CLOSSON, APLC
5030 Camino de la Siesta, Suite 300
San Diego, CA 92108
Telephone (619) 233-7006
Facsimile  (619) 233-7009

Attorneys for Plaintiff City of Mission Viejo

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF MISSION VIEJO,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation, and DOES 1-25, inclusive,<br><br>    Defendants. | CASE NO.  8:20-cv-00601<br><br>PLAINTIFF CITY OF MISSION VIEJO'S COMPLAINT FOR:<br><br>1) BREACH OF CONTRACT<br><br>2) DECLARATORY RELIEF [DEFENSE]<br><br>3) DECLARATORY RELIEF [INDEMNITY]<br><br>4) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING<br><br>DEMAND FOR JURY TRIAL |

Plaintiff CITY OF MISSION VIEJO (hereafter, "CITY" or "Plaintiff") hereby brings this Complaint against LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Wisconsin corporation ("LIBERTY"), and DOES 1-25, inclusive and alleges herein as follows:

**INTRODUCTION**

1.  This action arises from LIBERTY'S and DOES 1-25 failure and refusal to provide a full and complete defense to the CITY in an underlying lawsuit captioned

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

COMPLAINT                                    1                                    8:20-cv-00601

*Donaldson et al. v. City of Mission Viejo, et al.*, Orange County Superior Court Case No. 30-2018-01022037-CU-EI-CXC (hereinafter, the "Underlying Action"). Defendants' refusal to fully defend the Underlying Action has directly prejudiced the CITY and caused the CITY to expend and incur attorneys' fees and costs that remain unreimbursed by Defendants. The CITY seeks compensatory damages based on Defendants' refusal to pay for its defense in the Underlying Action as well as exemplary damages based on Defendants' refusal to provide a full and complete defense.

## THE PARTIES

2. Plaintiff the CITY is a California municipality located in the County of Orange, State of California.

3. The CITY is informed and believes and on that basis alleges that Defendant LIBERTY is a corporation, organized and existing under the laws of the State of Wisconsin with its principle placed of business in Massachusetts, and at all relevant times hereto was authorized and permitted to transact and was transacting the business of insurance in the State of California.

4. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1-25, inclusive, are unknown to plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named defendants are insurers which issued, participated in the issuance of or administrated, one or more of the hereinafter described Policies. Plaintiff shall amend this complaint to set forth the true names and capacities of the fictitiously-named defendants when ascertained.

## JURISDICTION

5. This Court has diversity jurisdiction under 28 USC §§1332(a) and 2201(a) because a controversy between citizens of different states exists regarding respective rights and obligations under an insurance policy and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

COMPLAINT　　　　　　　　　　　　　　　　　　　　　　8:20-cv-00601

2

## VENUE

6. Venue is proper in the Central District of California as the acts and/or omissions at issue in this litigation, including the third-party claim for damages as well as the Underlying Litigation, took place in this judicial district within the State of California.

## THE UNDERLYING ACTION

7. In 2018, the CITY was sued as a defendant in the Underlying Action for damages including causes of action for private nuisance; negligence; and declaratory relief. The plaintiffs in the Underlying Action (hereinafter, "the Donaldsons") are owners of residential real property located at 23315 Via Bahia in the CITY. The Donaldsons allege that the CITY participated in the planning, design, approval, construction, operation and maintenance of a deliberately designed public project or improvement known as the Colinas/Escorial Open Space, located at 23361 Trabuco Road, Mission Viejo, CA 92691, which was at all relevant times owned, accepted and maintained by the CITY, and which abuts the Donaldsons' property. The Donaldsons allege that roots from trees owned, accepted and maintained by the CITY proximately caused and continue to proximately cause extensive damage to the Donaldsons' property, including damage to the slab, foundation, walls, windows, doors, stucco, drywall and concrete flatwork. The Donaldsons allege they discovered the damage on or about October 15, 2017. A true and correct copy of the Complaint in the Underlying Action is attached hereto as Exhibit "1".

8. The CITY entered into an Agreement ("the Agreement") with West Coast Arborists, Inc. (hereinafter, "WCA") on April 16, 2007, which remained in full force and effect at all times during the circumstances which are the subject of the Underlying Action. The Agreement contains a "Hold Harmless/Indemnification" clause in paragraph 8. The Agreement further provides in Exhibit "C" of the Agreement that the CITY would be an additional insured on WCA's general liability insurance. Attached hereto as Exhibit "2" is a partial copy of the Agreement (sans

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

COMPLAINT                                                                          8:20-cv-00601

certain amendments). The terms of the Agreement, including but not limited to the "Insurance Requirements" of Exhibit "C" thereto, are incorporated herein as if fully set forth.

9. The CITY was regularly provided with proof of insurance certificates identifying LIBERTY as WCA's general liability insurer, and as the CITY's additional insurer for purposes of its liability arising from WCA's services on the CITY's behalf, including but not limited to services provided by WCA pursuant to the Agreement.

10. The CITY was informed and believes and thereon alleges that the liability of the CITY in the Underlying Action if any, arose in whole or in part from the acts or omissions of WCA pursuant to the Agreement. Therefore, the CITY tendered its defense and indemnity to LIBERTY as an additional insured by letter dated May 24, 2019, a copy of which is attached hereto as Exhibit "3".

## THE INSURANCE POLICIES

11. LIBERTY and Does 1 through 10 issued a series of sequentially numbered, consecutive insurance policies to WCA. Those policies were identified as policy numbers TB2-661-039499-011 through TB2-661-039499-018 (hereinafter collectively referred to as "the Policies"). The Policies were in effect for consecutive annual periods from July 1, 2011 through July 1, 2019. The CITY has not been provided with copies of the Policies, but is informed and believes and thereon alleges that the Policies contain, at a minimum, the terms referenced in LIBERTY's denial of coverage letter to the CITY dated June 27, 2019 (hereinafter, "the Denial Letter"). A true and correct copy of the Denial Letter is attached hereto as Exhibit "4," and is incorporated herein as if fully set forth, including but not limited to the references to Policy language and additional insured endorsements.

12. The CITY is informed and believes and thereon alleges that it qualifies as an "additional insured" under one or more of the LIBERTY Policies with respect

///

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

COMPLAINT　　　8:20-cv-00601

4

to the allegations against it in the Underlying Action, based upon the terms of the LIBERTY Policies and the insurance requirements of the Agreement.

## TENDERS OF DEFENSE TO DEFENDANTS AND RESPONSES

13. As alleged herein above, the CITY is informed and believes and thereon alleges that the liability of the CITY in the Underlying Action if any, arises in whole or in part from the acts or omissions of WCA pursuant to the Agreement. In particular, WCA provided services relative to the trees and/or other plants which are the basis for the CITY's potential liability in the Underlying Action. The CITY is further informed and believes and thereon alleges that the CITY's potential liability was caused in whole or in part by the acts or omissions of WCA with respect to those trees and/or other plants within the meaning of the LIBERTY Policies, such that the CITY is an additional insured and entitled to a defense and indemnity thereunder. The CITY tendered its defense and indemnity to LIBERTY as an additional insured by letter dated May 24, 2019, a copy of which is attached hereto as Exhibit "3".

14. In response to its tender of defense to LIBERTY, the CITY received the Denial Letter attached as Exhibit "4". On September 18, 2019, counsel for the CITY sent a re-tender of defense to LIBERTY, responding to the Denial Letter. A true and correct copy of the CITY's letter of September 18, 2019, is attached hereto as Exhibit "5". The CITY received no response to that letter, and on December 23, 2019, counsel for the CITY sent another letter to LIBERTY, demanding a response to the CITY's September 18, 2019 letter. A true and correct copy of the CITY's December 23, 2019 letter is attached hereto as Exhibit "6".

15. The CITY has never received a substantive response to either the September 18, 2019 letter or the December 23, 2019 letter. Counsel for the CITY was contacted by counsel for LIBERTY who promised to provide a response to the CITY's re-tender by March 13, 2020. Instead, on March 18, 2020 counsel for LIBERTY provided a request for additional information in the email attached hereto as Exhibit "7".

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

COMPLAINT

5

8:20-cv-00601

## FIRST CAUSE OF ACTION

**(Breach of Contract - Duty to Defend against All Defendants)**

16. The CITY incorporates and realleges paragraphs 1 through 15 above as though fully set forth herein.

17. The CITY is informed and believes that it qualifies as an additional insured under the terms of one of more of the Policies and as such is entitled to a defense funded by Defendants, including payment of the costs, fees and expenses of said defense. The Policies provide primary coverage and a duty to defend and indemnify for covered property damage which potentially occurs while those policies were in effect.

18. The CITY has performed each and every obligation, condition, and covenant required of it under the Policies.

19. Defendants have each failed to provide a full and complete defense under the Policies despite their obligation to do so. Defendants' failure and refusal to pay the experts constitutes a failure to defend and a breach of the Defendants' contractual obligations owed to the CITY under the Policies.

20. As a direct and proximate result of Defendants' breach, the CITY was compelled to engage counsel and incur, and continues to incur, substantial damages in excess of the jurisdictional limits of this Court, which includes, without limitation, compensatory damages, attorney's fees and costs incurred by the CITY in defending itself in the Underlying Action, and other damages to be ascertained.

21. The full nature and extent of said injuries and damage are not known to the CITY at this time as the Underlying Action is ongoing. The CITY requests leave to amend this Complaint when the full nature and extent of such damages are known.

## SECOND CAUSE OF ACTION

**(Declaratory Relief - Duty to Defend against All Defendants)**

22. The CITY incorporates and realleges paragraphs 1 through 21 above as though fully set forth herein.

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

COMPLAINT     8:20-cv-00601

6

23. An actual and justiciable controversy exists between the CITY on the one hand, and Defendants, on the other hand, regarding whether the CITY is entitled to a defense as an additional insured under the Policies with respect to the claims against it in the Underlying Action.

24. The interests of the parties are adverse, the CITY has a legally protectable interest in the controversy and no adequate remedy at law, and the issues are ripe for judicial determination.

### THIRD CAUSE OF ACTION

**(Declaratory Relief - Duty to Indemnify against All Defendants)**

25. The CITY incorporates and realleges paragraphs 1 through 24 above as though fully set forth herein.

26. The CITY asserts that Defendants, and each of them, have independent duties under the Policies to indemnify the CITY for the damages alleged in the Underlying Action. Defendants' policies provide primary coverage and a duty to defend and indemnify for covered property damage which occurs while those policies were in effect. The CITY is informed and believes and thereon alleges that to the extent the Underlying Action results in a judgment against it for property damage as may be defined in the Policies, Defendants each have a duty to indemnify the CITY for such damages in the Underlying Action.

27. There is an actual and present controversy between the CITY on the one hand, and Defendants and each of them on the other, as to the respective rights and obligations under the Policies with regard to indemnity obligations owed to the CITY as an additional insured for the claims against it in the Underlying Action. The CITY contends that the Defendants' policies provide actual coverage for the CITY's indemnity obligation, if any is imposed, in the Underlying Action. Defendants each contend that they owe no duty to indemnify the CITY. By reason thereof, an actual controversy has arisen and now exists between the CITY and Defendants and a judicial determination of such controversy is necessary and appropriate at this time.

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

28. By reason of the foregoing, a controversy exists between the parties hereto which requires a declaratory judgment of this Court.

## FOURTH CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing against All Defendants**)

29. The CITY incorporates and realleges paragraphs 1 through 28 above as though fully set forth herein.

30. Pursuant to the Policies and obligations created thereunder, at all material times, Defendants had a duty to act fairly and in good faith to the CITY in carrying out their responsibilities under the Policies.

31. Implicit in Defendants' obligation to act fairly and in good faith to the CITY is the duty to promptly investigate and to provide a full and complete defense. Defendants have tortiously breached the implied covenant of good faith and fair dealing by failing to promptly investigate and provide a defense to the CITY relative to the claims in the Underlying Action.

32. Defendants engaged in, and continue to engage in, a course of conduct to further their own economic interests in direct violation of their obligations to the CITY. This conduct includes, but is not limited to:

(a) Unreasonable delays in acting upon and/or responding to the CITY's tender of defense;

(b) Unreasonable refusal to objectively review and consider evidence and arguments submitted on behalf of the CITY;

(c) Unreasonable failure to provide benefits due to the CITY when it was evident such benefits were owed;

(d) Failing to respond to inquiries from the CITY concerning the obligation to defend the Underlying Action;

(e) Compelling the CITY to initiate litigation to obtain benefits due under the Policies; and

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

COMPLAINT 8:20-cv-00601

8

(f) Other unlawful claims practices according to proof at the time of trial.

33. As a direct and proximate result of the aforementioned wrongful conduct, the CITY has suffered, and will continue to suffer, damages in amounts to be shown at the time of trial, plus interest.

34. Defendants' conduct described herein was done with a conscious disregard for the CITY's rights and constitutes despicable conduct, and was done with the intent to vex injure or annoy the CITY such as to constitute oppression, fraud or malice pursuant to California Civil Code § 3294, entitling the CITY to punitive damages in an amount appropriate to punish or set an example of Defendants.

35. As a further direct and proximate result of Defendants' conduct, the CITY has been obligated to expend funds and incur liability for costs of suit, attorney's fees and related expenses in an amount not yet fully ascertained, but will be submitted at the time of trial.

WHEREFORE, Plaintiff CITY prays for judgment against Defendants and each of them, as follows:

1. All damage caused by or result from Defendant's failure to provide a full and complete defense to the CITY in the Underlying Action;

2. A declaratory judgment that Defendants are obligated to defend the CITY in the Underlying Action;

3. A declaratory judgment that Defendants are obligated to indemnify the CITY in the Underlying Action.

5. All damage caused by or resulting from Defendants' unreasonable failure to provide policy benefits including punitive damages as result of Defendant's breach of the implied covenant of good faith and fair dealing;

6. Attorney's fees to obtain wrongfully withheld policy benefits pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813;

Hirsch Closson, APLC
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

COMPLAINT
9
8:20-cv-00601

7. Prejudgment interest and costs of suit; and

8. For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and United States District Court for the Central District of California Local Rule 38-1, Plaintiff hereby demands trial by jury of any and all issues so triable.

HIRSCH CLOSSON, APLC

DATED: March 26, 2020       By  /s/ Robert V. Closson
                                Robert V. Closson, Esq.
                                Jodi E. Lambert, Esq.
                                Attorneys for Plaintiff
                                CITY OF MISSION VIEJO

**Hirsch Closson, APLC**
5030 Camino de la Siesta
Suite 300
San Diego, CA 92108
(619) 233-7006

COMPLAINT                                8:20-cv-00601
10